J-S10009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RENEAU JEAN JACQUES, | |
| Appellant | No. 577 EDA 2016 |

Appeal from the PCRA Order Entered January 15, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001292-2008

BEFORE:  BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY BENDER, P.J.E.:  **FILED MARCH 08, 2017**

Appellant, Reneau Jean Jacques, appeals from the January 15, 2016 order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant contends that his 2009 sentence is illegal pursuant to *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013).  Additionally, Appellant's counsel, Hillary A. Madden, Esq., has filed an application to withdraw from representing Appellant, along with what appears to be an *Anders*[1]-styled brief.  While a *Turner*/*Finley*[2] 'no-merit' letter is the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief, we will accept Attorney Madden's

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

***Anders*** brief *in lieu* of a ***Turner***/***Finley*** letter.  ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) ("Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief *in lieu* of a ***Turner***/***Finley*** letter.") (citation omitted).  After careful review, we agree with Attorney Madden and the PCRA court that Appellant's issue is meritless. Thus, we affirm the order dismissing Appellant's PCRA petition and grant counsel's application to withdraw.

The factual history of Appellant's case is not germane to this appeal. Briefly, as we noted during Appellant's direct appeal:

> By virtue of executing a written guilty plea colloquy form, executed on January 6, 2009, [A]ppellant admitted that:
>
>> On August 28, 2008, in the Walmart parking lot in East Stroudsburg, PA, in the course of trying to commit a theft – the attempted robbery – I intentionally attempted to cause or threatened immediate serious bodily injury upon the victim by pointin [*sic*] a handgun at him, firing the weapon in his direction which hit his car door window. Bodily injury was caused as a result of the shattered glass from the window striking the victim.

***Commonwealth v. Jacques***, 1144 EDA 2009, unpublished memorandum at 1 (Pa. Super. filed March 30, 2010).  Following his guilty plea, on March 18, 2009, the trial court sentenced Appellant "to 78 to 156 months' imprisonment on the aggravated assault charge and 60 to 120 months' imprisonment on the attempted robbery charge.  Both sentences were ordered to be served consecutively."  ***Id.*** at 2.  Appellant challenged the discretionary aspects of his sentence on direct appeal; however, this Court affirmed his judgment of sentence, and our Supreme Court denied review.

*Commonwealth v. Jacques*, 996 A.2d 545 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 5 A.3d 818 (Pa. 2010).

On June 10, 2015, Appellant filed a *pro se* PCRA petition, his first. Donald M. Leeth, Esq., was appointed to represent him. Attorney Leeth did not file an amended petition on Appellant's behalf. A PCRA hearing was held on September 17, 2015, at which time Appellant expressed that he only wanted to pursue an *Alleyne*-based illegal sentencing claim. On January 15, 2016, the PCRA court issued an opinion and order dismissing Appellant's petition. Attorney Leeth was permitted to withdraw after filing a timely appeal on Appellant's behalf, at which point the PCRA court appointed Attorney Madden as appellate counsel. Appellant then filed a counseled, court-ordered Pa.R.A.P. 1925(b) statement on March 8, 2016. On March 17, 2016, the PCRA court issued a statement pursuant to Rule 1925(a) indicating that Appellant's claim had been adequately addressed in the court's January 15, 2016 opinion.

On September 17, 2016, Attorney Madden filed an *Anders* brief *in lieu* of a *Turner*/*Finley* letter and an application to withdraw as Appellant's counsel. The latter filing contained a copy of the letter which Attorney Madden provided to Appellant pursuant to her responsibilities under *Turner* and *Finley*. However, this Court recognized a defect in Attorney Madden's letter, as she had improperly advised Appellant that his right to proceed *pro se* or with private counsel was contingent upon this Court's granting of her motion to withdraw. Thus, on October 31, 2016, this Court issued an order

- 3 -

directing Attorney Madden to properly advise Appellant of his rights in a new letter, and she was so advised again on December 20, 2016, as Attorney Madden initially failed to comply with our October 31, 2016 order. **See** Order, 10/31/16, at 1 (single page); Order, 12/20/16, at 1 (single page). Attorney Madden finally complied with our orders on January 3, 2017.[3]

We now turn to consider Attorney Madden's application to withdraw.

> In **Commonwealth v. Pitts**, 603 Pa. 1, 981 A.2d 875 (2009), our Pennsylvania Supreme Court stated that
>
>> [i]ndependent review of the record by competent counsel is required before withdrawal is permitted. **Turner**, at 928 (citing []**Finley**, 481 U.S. [at] 558[]). Such independent review requires proof of:
>>
>> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>>
>> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>>
>> 3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>>
>> 4) The PC[R]A court conducting its own independent review of the record; and
>>
>> 5) The PC[R]A court agreeing with counsel that the petition was meritless.
>
> **Pitts**, 981 A.2d at 876 n. 1 (quoting **Finley**, 550 A.2d at 215).
>
> In **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006), this Court had imposed an additional requirement for counsel seeking to withdraw in collateral proceedings:

---

[3] Attorney Madden indicated that her delay in responding to this Court's initial order was due to the fact that her maternity leave began just prior to the date the order was issued.

- 4 -

> Consequently, we here announce a further prerequisite which must hereafter attend an application by counsel to withdraw from representing a PCRA petitioner, namely, that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

*Id.* at 614 (emphasis in original).

***Commonwealth v. Widgins***, 29 A.3d 816, 817–18 (Pa. Super. 2011).

Here, in regard to both her letter to Appellant and in her brief to this Court, we find that Attorney Madden detailed the nature and extent of her review - which was confined to Appellant's ***Alleyne***-based illegal sentencing claim - and she explained her belief that Appellant's claim is meritless - which was also the conclusion reached by the PCRA court. Following Attorney Madden's delayed compliance with our October 31 and December 20, 2016 orders, we also find her compliant with the additional ***Friend*** requirement(s). Accordingly, we now conduct an independent review of the record to determine if Appellant's illegal sentencing claim is meritless.[4]

Appellant was sentenced to a five-year mandatory minimum term of incarceration pursuant to 42 Pa.C.S. § 9712 (defining mandatory "[s]entences for offenses committed with firearms"). In ***Commonwealth v.***

_____

[4] We note that since Attorney Madden complied with these orders, Appellant has not made any *pro se* filings with this Court, nor have any private attorneys entered their appearance on his behalf.

- 5 -

*Valentine*, 101 A.3d 801 (Pa. Super. 2014), this Court held that Section 9712 is unconstitutional in light of *Alleyne* and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). Accordingly, in his PCRA petition, Appellant seeks retroactive relief for his mandatory sentence.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's PCRA petition is patently untimely. Because Appellant did not seek review in the Supreme Court of the United States following the denial of his petition for allowance of appeal to our Supreme Court, his sentence became final 90 days after that denial. Thus, to be timely, Appellant was required to file a PCRA petition by the end of 2011. Appellant's petition was not filed until 2015; therefore, he must avail himself of one of the PCRA's timeliness exceptions to be entitled to relief.

The only potentially applicable exception to Appellant's claim is set forth in Section 9545(b)(1)(iii), otherwise known as the retroactivity exception. Thus, in order to be entitled to relief for his (now) illegal sentence, Appellant must establish that the holding in **Alleyne** applies retroactively. However, in **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016), our Supreme Court held "that **Alleyne** does not apply retroactively to cases pending on collateral review." **Accord Commonwealth v. Ciccone**, --- A.3d ---, 2016 WL 7217269 (Pa. Super.

2016) (*en banc*) (recognizing **Washington**'s holding that the rule in **Alleyne** is not retroactive, and also that **Alleyne**'s Pennsylvania progeny (**Valentine**, **Newman**, *et. al.*), while having invalidated Pennsylvania's **Alleyne**-offending mandatory minimum sentencing statutes, did not render those statutes void *ab initio*).

Given the decision by our Supreme Court in **Washington**, and our own decision in **Ciccone**, it is clear that Appellant cannot avail himself of the retroactivity exception to the PCRA's timeliness requirement premised on his **Alleyne**-based illegal sentencing claim. As such, the courts of Pennsylvania lack jurisdiction to entertain his claim. Thus, we are compelled to agree with the PCRA court and Attorney Madden that Appellant's sole claim presented for our review is meritless. Accordingly, we grant Attorney Madden's application to withdraw, and affirm the PCRA court's order denying Appellant's petition.

Order **affirmed**. Application to withdraw as counsel **granted**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2017

- 8 -